Welcome to the United States Court of Appeals for the Fourth Circuit. We've got four cases on for argument this morning. The first is 22-4331, United States v. Cabrera-Rivas. Mr. Chief Judge, Judges, may it please the court. I am James Kilbourn representing Mr. Cabrera-Rivas, and I apologize for my Spanish, and I am appointed under a Criminal Justice Act appointment. Judges, I believe the most important critical issue in this case is the legal sufficiency of the competency determination that you ask us to supplementally brief. I believe that it affects everything else in this case to the point where it is the issue I believe that this case should and must turn on. There's significant evidence in this case, and my client received less than three years of formal education, that he had a nonverbal intelligence in the poor range of functioning, that he is in the bottom 1% of his peers, that he's likely illiterate, that he has very limited English skills, that he was not able to effectively communicate with his trial counsel, that he provided rambling non-sequitur answers at trial in response to questioning by his own counsel. Yes, sir. Why is the issue of whether the Magistrate Judge had the authority to issue this competency order not the focal issue that you address? I believe it is. I believe it is, Your Honor. I believe it is the focal issue. We don't believe the Magistrate Judge had the authority. We believe that in this particular case, this is definitely not a matter of his inherent powers. I think everyone agrees that it is not a listed inherent power. So the question is whether it's a depositive or non-dispositive trial matter, and even if it is a non-dispositive trial matter, this was not... Do you concede that it's a non-dispositive trial matter? We do not, Your Honor. How is it dispositive to determine competency versus insanity? We believe that competency is a fundamental first-level issue that has to be determined because to conduct a trial without competency is a violation of his due process. So we believe that this is a first-level issue. We're not conceding that point, but assuming that the government's correct that it's non-dispositive, the order that was issued by the court was not actually a finding and recommendation. It did not look like that. It did not give 14 days, and the trial started two business days after the order was issued. So there was not 14 days for an appeal as would normally happen in a matter. Did you bring the issue up at any time during the trial or before the trial? Certainly, the issue was raised many times, I believe, before the trial. There were numerous motions. Obviously, he was sent for a... No, I mean after the magistrate judge ruled. He said that only a couple of days before the trial. Only a couple days passed, and there was no formal objection, Your Honor. But I believe, and I think the court should determine that competency is different. But I think also the chief judge asked if you brought it up at any time during the trial. You didn't object to the order itself, but... There was no objection to the order, and I'm not sure how you would bring that up during the trial. It was never mentioned again. Once the competency order was entered, the appellant just went on with the trial. I think he had no choice but to go on with the trial. After the trial, of course, he brought it up again in front of the district judge. But I think that there's something... He didn't object to the order. He did not formally object to the order and did not do so within a 14-day period. Those, I think, those are facts we have to acknowledge. I believe, though, that there's something fundamentally different about competency. I believe that what's fundamentally different is that it's not actually something that a defendant could ordinarily waive. And I bring up, as an example, the Roof case that we discussed quite a bit. As you remember, Mr. Roof was committed a heinous murder in an attempt to advance a white supremacist mentality. And in that particular case, his counsel claimed that he had a problem with autism and an issue with his competency. The defendant in that case, most assuredly, did not want his competency raised and made it clear, both during the hearings and and throughout the case, that Mr. Roof did not want to be found to be incompetent. However, the court continued the analysis, even though the defendant did not want it to happen. And if you think about competency, it's the one thing that people at either table can bring up. The government can raise it. The defendant can raise it. The judge can raise it on his own motion. There's something fundamentally different about a competency determination that is different than almost any other procedural matter or procedural right. I think it's at least quasi-jurisdictional. I think it's similar to determining whether or not a defendant is of age, for example. A 12-year-old could not waive and say, I want to be tried as an adult. There are certain areas where when someone is incompetent, they certainly can't waive their right to competency hearing because they're incompetent to waive that right. There is something fundamentally different. What's the lawyer's role in this? I mean, Roof was, I mean, he made an affirmative statement that he didn't want his competence contested, but your client didn't say so either way. So why isn't the lawyer's obligation then to raise it? In this case, of course, the lawyer did raise it. And then pursue it further. He did not pursue it further in the two days of trial preparation. He did not, and we have to acknowledge that. That's a fact in this case. We have to acknowledge the fact the lawyer did not raise it. But this is different, I think, than the other things that a magistrate judge might do that are on the edge of his powers, like the voir dire that we heard about in the briefing from the government. If a defendant, if a defendant's counsel doesn't want to ask questions during voir dire, there's no requirement that they do so. The judge is not going to ask questions for them. The government's not going to ask questions for them. So obviously voir dire is something that can be easily waived, even if a magistrate judge is doing it. But again, I go back to the difference between a competency and the fact that this is part of the due process requirement that we, we as an American... And they're entitled to do that. Actually, I would take issue, Judge, because I don't believe they're actually making that final determination. They're making a recommendation, at least in the Western District, at least under the rules. They're making a recommendation to the judge to accept the plea, but they don't make the final determination regarding the plea. That's made at the sentencing hearing by the judge, in courts where the, where the magistrate judge is the one taking, taking the plea hearing. So I would say that they're making, again, a preliminary determination subject to review by the judge. In an ideal world, had this determination been made months before, and there was time for defense counsel to raise issues, if it had been made as a recommendation and a finding the same way most, you know, motions by the, by the magistrate are done. In that case, I would argue that, yes, it would be, it would be a different set of facts, but that's not the facts we have here. But he, yes, ma'am. The appellant knew that it was the magistrate judge that was going to be reviewing the competency reports, correct? Yes. There wasn't, so there was time then to, to raise the issue. I mean, they certainly could have raised the issue, but, but I think even in a dispositive motion, the, the magistrate judge hears the, hears the case and hears the facts and makes findings and recommendations. So we don't have an issue with him holding the initial evidentiary hearing. We have the issue with the magistrate judge's order being the final pre-trial determination of competency. And, and as you know, competency has multiple parts. It goes to both the cognitive and rational abilities of a particular defendant, his capacity to understand, his capacity to assist, assist, and his capacity to communicate. I believe in this particular case, we have evidence that, that there was an issue with all those items based upon the statements of the defendant made throughout the case. It, it appears that under his, his inability to understand the proceedings, even up through trial, he's still waiting for someone to come forward and say that, that what he did was okay. It's one of the stranger soliloquies that you'll see by a defendant at that point, an allocution, because he's actually telling the judge if, if someone would just come forward, this will all get sorted out. And he's sitting here facing a federal sentencing. His capacity to assist, we have plenty of evidence about that, about how he was not listening to his attorney and how he was arguing over them and how he was having great difficulty in communicating back and forth with, with his counsel. And his capacity to communicate, if you read, certainly there are some lucid passages in his testimony, I'll be the first to admit that, but if you read certain passages, even knowing what we know about this case, it's difficult to understand what the defendant is trying to say. And, and it's difficult to imagine what this particular defense counsel, under the circumstances he faced, was, was having, having to deal with. And we believe that his lack of a rational under, understanding, a factual understanding of the proceedings, ultimately impacted this trial and every part of this trial. We, we, we seek, we seek to put him back where he started, to have a competency hearing determined by a district court judge, and then if he, if and when he has found competent to move forward with the trial. We believe the entire trial and sentencing process was tainted by this issue regarding his lack of competency and the inability of a magistrate judge to have authority. Even if you sent him back and you had a competency hearing, found that he was competent, why would you need to redo it? I, I guess, Judge Wendy, you could, you could always come up with a forensic to determine whether or not, but I, I think there's some real concern about that process in general. I mean, that would be up to your honor to fashion whatever solution you believe is best. Would it cure it for the district court to simply go back and says I adopt those findings that were made by the magistrate and I make the determination that he's competent? I would argue it doesn't. I'm sure the government would argue it does. Would you have an argument today if he did that? Yeah, yeah, I, I, I believe in. In fact, he adopted what was there and moved forward and took it as his own. Basically, you don't challenge that the district court had authority to make that competency hearing. Yeah, so if he did that, would that be enough? We would argue, of course, that the defendant would need to be, the defendant's counsel would need to be heard on that issue between, as you would do between the two processes of a finding and recommendation in the final order by the court. It was heard before the magistrate. It was heard before the magistrate. The district court is simply adopting what the magistrate did. We, well, obviously, we believe there's a problem with that, and we believe there's a problem with the magistrate's determination, and we've argued that in our briefing. Ultimately, if you decide the only problem was that a district judge needed to sign off on it, we still think that there should be an ability of the defendant to present evidence to that district court judge before he adopts that finding. We believe that since he has the burden, he has the right to be heard. Different than the entire transcript that was already in reports that were before the magistrate? Well, there's certainly more evidence about his competency before and at the time of trial than we had at that point. You know, the district court judge obviously looked at his competency at the moment of trial, and there is an order to that effect. I'm sure you'll hear that from the government, but we don't believe that he looked at competency during the entire process, and we believe that even in the unlikely event that the defendant became elucid at the trial, his incompetency before the trial still impacted the ultimate conduct of the trial, and how exactly the defense was put forward, and the inability to communicate with counsel, the inability to understand what he was actually facing, and the inability to consult with his lawyer with a rational degree of understanding, we think prevented his ability. So, I mean, initially before, and again, that's why you guys are on the bench, is you're a lot smarter than I am, and it was a good call to look at this a second time, and I wish I had seen it the first time. So we believe there is an issue definitely about the district court judge doing it, but even before that, we were arguing that we believe the competency of the defendant is in question even after the magistrate's order. We believe that there are issues that this court should revisit regarding any competency determination of the defendant based on the evidence that was before the trial court at that time. Thank you, Mr. Kilborne. Thank you. Thank you. Ms. Ray. May it please the court, Amy Ray for the United States. Your Honors, the district court properly delegated to the magistrate judge the determination of competency, the initial determination. The magistrate judge, excuse me, properly considered that question because it was non-dispositive. It also is not a jurisdictional question, so it is waivable. It's not a subject matter jurisdictional question, and even if we lost on all both of those issues, this would be up on plain error review, and the defendant cannot show that the magistrate judge's exercise of that authority or the district court's delegation of that authority to the magistrate judge was plain error affecting his substantial rights. Assuming all that, that it went back to the magistrate, did those things, when it comes to district court, what is the district court's obligation? Did it make any adoption of the findings, or did it say I agree? How did it treat that report? It treated the report as an order because under the local rules and under Rule 59A, order from the magistrate. Right, a determination, not a recommendation. From your perspective, a magistrate can enter an order in so far as competency. Absolutely, Your Honor. There is the question before us. That's right. Because that has really not been resolved by anyone, has it? I did not find a decision that specifically addressed subject matter jurisdiction on the determination. You went absolutely, and I'm trying to figure out what absolutely is. I'll tell you, Your Honor, if I may, I'll tell you why it's absolutely, because you read Rule 59A, and it says non-dispositive as to charge or defense. There was nothing dispositive about the order of initial competency. In fact, under 4241A, incompetent, would that have been dispositive? No, because then he would have gone to the Bureau of Prisons to try to restore competency. And so then he would, that's only, and actually, United States v. Weisberger, which I cite in, I think I cited it in my supplemental brief, and I'm sorry, it's been a bit of a whirlwind for me, but in Weisberger at DC Circuit, they explain, the court explains, about sort of the three levels, the three determinations. The initial determination of competency is not a final determination of competency, and that's probably best revealed by Section 4241A, which requires the district court to revisit competency any time there's reason to believe that the court should revisit competency. So let me be clear, so we're talking the same thing. You are saying that it really hasn't been determined whether a magistrate can make a determination by case law, but the law provides it, that he can do so. The rule is plain. My rule, I do say that, Your Honor, rule... I mean, it's just amazing to me it hasn't come up before. It is interesting, but that maybe it hasn't come up before because the rule is plain and clear. It doesn't dispose of a charge or a defense. Our local rules specifically authorize the magistrate judge to do it. It would seem that the district court itself at some point would have to make that determination because it's conducting the trial and the limited role, even the residual clause dealing with magistrate duties, the broad powers of a magistrate role would say, yes, you can do it, but that district court ultimately has to make the determination. The district court performs the same role in this regard as it would to any other order that the magistrate judge, any other issue the magistrate judge should resolve. The district court has the final authority. There's no question about it. I mean, I get what you're saying. That's a wonderful conclusion. Everything you said, it has the final authority. We're talking about a competency order, which whether this defendant is competent to stand for trial doesn't seem like to me is any other order out there. It doesn't sound like those other type of orders that a magistrate would deal with. This is pretty important. Is he competent to be in this trial today? It seems to me that the district court would have to at some point say, I have determined independently, and I'll take the recommendations in this hearing, that he's not competent or he is competent. Your Honor, I appreciate that as an intuitive matter, it may seem as though competency should be dispositive, but Congress and the courts have have drawn the line at dispositive or nondispositive. And it's described dispositive as those issues that resolve a claim or a defense. I guess the other thing Congress could have done is said, even if competency is nondispositive, we want a determination by a district court judge. Right. They didn't do that. They didn't do that. And that's sort of, I think that while we may look at this as sort of from behind and say, oh gosh, well, competency is really important. That means that the district judge must, it should be an R&R, it should be a recommendation, not a determination. That's simply not the way that the Congress wrote the statute. Did the district court do anything, say anything regarding competency during the trial? And not during the trial, Your Honor, because of course the defendant never objected. Right. Not only, and I want to, I think that Mr. Kilbourn conflates a couple of things, and I just want to think we should be precise. And that's not to suggest he's intending to be imprecise at all. But he's conflating the determination of competency with the exercise of authority. Right. And so he's saying, well, he did raise the issue. Yeah, he raised his competency. He never raised whether or not the magistrate judge could properly decide, make the initial competency determination. You said the district court judge didn't say anything about competency during trial, but I think you were going to say something else about it. Well, after trial, the defendant raised it and said he requested a renewed competency hearing, and the district court said, I watched him, I watched trial, I listened to our colloquy, I engaged in a colloquy about whether Mr. Cabrera-Rivas could testify or wanted to testify, and I find that, you know, no reason to believe that a second competency hearing is necessary. But in, and I do want to address the subject matter jurisdiction question, because I think that goes to a couple of issues specifically about whether or not this could be waived, and it wasn't, I didn't read the court's order as asking us, so it was only in preparation for oral argument that I really dived into this issue of subject matter jurisdiction. So I'm just going to give the court a couple of cases on that in case the court is interested. There's a Tenth Circuit case called Clark versus Pouton. 963 F. 2nd 1361. It describes a number of cases and why this is not a subject matter jurisdiction issue when the question is the scope of the magistrate judge's authority, and maybe the best case is the Supreme Court's case in Peretz, which we did cite, and in that case the court held that with respect to jury selection, as long as a defendant does not object, the magistrate judge may properly exercise authority over jury selection, which is a critical stage of the trial. Well, if a defendant can consent, it's not a matter of subject matter jurisdiction, because subject matter, not jurisdiction, is not something that a defendant can consent or not consent to. It's a hard and fast jurisdictional bar. No, I'm not saying that at all. I'm saying a defendant through counsel can consent or not consent to the fact that in Peretz, the Supreme Court held that if the defendant consents to a magistrate judge's exercise of authority over jury selection, there's no error, means it is not a subject matter jurisdiction issue, because a defendant cannot consent to the improper exercise of subject matter jurisdiction. The whole point is this is waivable. So even if it were error, it's waived. It's waived on a number of levels, the question of whether the magistrate judge could exercise that authority, whether the district court could properly delegate that authority, and of course the ultimate determination of competency was waived because he didn't object and didn't challenge that. But I hear him today saying his real focus is on whether or not the district court could properly delegate that authority, and that issue could be waived, but because it's not subject matter jurisdiction, but even if it couldn't, he cannot show plain error affecting his substantial rights because no court has held that it's error, and the rule suggests that it's not error, and under this court's decision in Davis, for it to be plain or obvious error, the Supreme Court or this court or a rule must clearly establish the error. That certainly isn't the case here, so he cannot show plain error, and I would respectfully suggest that he also can't show that it affected his substantial rights, because the determination of competency was quite reasonable, considering... Why would the district court take the simple step once the magistrate's order to come up and says, I've looked at this, I see the findings, I adopt those findings, and I reach the same conclusion? For the same reason a district court doesn't do that when the magistrate judge rules on a motion to compel. There's no reason for the district court to do that. A motion to compel sounds a lot different. Absolutely. But hear me out. Motion to compel is a whole different animal. That's an evidentiary type determination, but a competency one is, is that individual competent to sit in this courtroom, and for a district court, I don't know where this goes, but it sounds like to me, delegate or the magistrate has the authority, whatever, makes the determination. The motion is made to the district court, goes to the magistrate, and the magistrate makes an order, district court can convene under your theory and not ever bring it up again, just because it's been resolved by the magistrate. No need to even say the magistrate resolved it, I guess, or you could say the magistrate resolved it, and that's the end of it. That's it? Absolutely. This court doesn't independently have a de novo responsibility to determine in that court whether that defendant is competent to stand trial. He can, or she can, rely exclusively on a determination from the magistrate, not even look at the findings, not look at an order, just say, okay, that's the end of it. That's right, and we get back to where, other than your interpretation of what these orders, is there any court that has ever said that? I have conceded that I haven't found a court that said that. I have also, I want to make sure the answer is what I want to hear, that is, whether you, there is any court that does it. I have not found one. I guess your concession is a fact, is either a fact of a court did it or not, and I'm saying, I don't know if a court has ever said that. Not that you need a court to say it, because as you say, if it's clear enough in the orders, but it does seem, and you mentioned the intuitive part about it, the intuitive part about it says, at least from my perspective, a district court ought to at least determine that person is competent to stand trial in this court, and not simply look at what the, just say, I send the magistrate, it's over, my hands are clean, let's go. So Judge Wayne, I want to respond with two things. First of all, I have only done this research I've done. I have looked, I haven't found that, I am not going to represent, there's no case out there, because your extraordinarily competent law clerks may prove them otherwise. That's kind of why we, you know, whether you've done it, that's all we're doing. Whenever we do these cases, I'm not saying it doesn't exist. I understand there's a limitation of how much we do. I'm just saying, today, we don't know, you and I, and no one else knows of a case. If you do, help me with one. Fair. So, so I agree with that. I don't have one. Second thing, though, is and I've already made the argument about the rules, so I'm going to set that aside, don't need to repeat myself, but I do think it's important to say, and to address your sort of concern about this, that 18 U.S.C. 4241 does vest the district court with a continuing responsibility to assess competency. The district court doesn't have to say anything about it, but if the district court perceives reason to believe that the defendant is at any time as incompetent, who is before him, is incompetent, the district court has a duty, an obligation, not triggered by either party, necessarily, to rehear the competency issue. Yes, he has a motion before him that says, you know, we need a competency here. He's giving it to someone else. Right. But at no point has that district court itself made a determination. I mean, it's not a case where no one brought it up and nothing came about. Then you, then I see the district court perceives something going on independently. Yes. But this is one where there is a motion. It's before the district court. He gave it to the banishment. The banishment made a determination. The district court says nothing. Right. And, and I will quibble just a little with the suggestion that the district court did nothing. Well, I mean. Because the district court did not have a duty to say on the record, I delegated the determination for determination, not for recommendation. Oh, it wouldn't be for a district court to simply say that. That's your honor. With all due respect, that's completely beside the point. It would be easy. Maybe, but I would like to know the answer. How difficult would it be for a district court to simply say, our magistrate has made a determination in this case. I see the findings. I've read those. We don't even know if he read them. We just know he just took the order. I've read those findings. I've got those findings. I see nothing here and move forward from there. Yeah. How difficult would that be? Easy. I thought so. I'm not going to challenge that. I will, however, say that the fact that the district court, I mean, this is Judge Conrad. It doesn't matter what district court it is, but he's an experienced trial judge. Oh, he is a wonderful trial judge. He is. In fact, I have always generally enjoyed defending his decisions. Anyway, you know, I have no doubt that Judge Conrad knew that Mr. Thacker, he exercised the proper duty that he had under 4241A to assess that as the trial went on, and it never came up again. And he even said that he assessed that as the trial went on. He said it after the trial order, the motion was made. Thank you, Judge Thacker. Yes. In the post-trial motion, order rather, he did. While you're in the business of defending decisions, can you talk a little bit about the decision to send the possession charge to the jury on constructive possession? Yes. My concern with that decision is, and it doesn't sound like you obviously share the concern, is that this gets really close up to the line of a distinction between being an active participant in a drug transaction and being merely a broker. Maybe that doesn't matter, but tell me why you think this is something more than a one-off, you know, person saying, I know somebody who can sell you drugs, and that's it. Well, in this case, he did more than that. The defendant said, and I'll find a little quote that I'm sure I put in my brief, but I brought the kid in because he's trustworthy. I sent him to Texas. It says, we sent that other dude to pick up what you ordered. So he's exercising agency over that person. And I think that even under Pinkerton, once we have conspiratorial, you know, he is responsible as for any acts that are reasonably foreseeable that this, his other dude does. When do you think he came into constructive possession of the drugs? I think that he had dominion and control. What the record would suggest is that he has dominion and control over those drugs in terms of directing that person to go to Texas, pick up the drugs, and bring them back. That said, I think we also get there under Pinkerton, and I also think that we have the conspiracy offense, which it doesn't really matter. It's, I do believe that under this record, I think it would be hard to show in most cases, Judge Diaz. I think that normally it would be hard to show, but here we have him specifically saying, I sent him to Texas to pick these up. He brings them back. And certainly when he comes over to the car, and he's right there at the car as the drugs are being brought out, that's a time when he's there, he's the broker, he's making this happen. He sent Ramos Garcia to Texas to get it. Ramos Garcia is now in the parking lot of the restaurant, and he has constructive possession over those drugs. And in addition to the fact that he says and admits in these recorded conversations with Hector, that he has sent him to Texas to pick them up. I think that's enough. And I don't have anything more than that, because that's the best we can do on this record, but I think that's enough to both satisfy it under Pinkerton and constructive possession theory. Especially once we get to the actual transaction itself. I do want to quickly address remedy, because it's something I thought of. I'm hoping the court doesn't have to reach this question, but certainly as with a motion to suppress a competency hearing, if this did have to be a recommendation situation, the judge can always review the transcript. So if this court were to hold that the delegation of that authority to the magistrate was somehow improper, if it was a matter of determination, then the remedy would be for the district judge, remand for the district judge to review that hearing and decide whether or not the district judge wanted to take any more evidence or whether it was satisfied with that particular record. It would be pretty simple to cure that if it was a problem. Yeah, I think so. Your Honors, there were a number of other issues that were raised. Mr. Kilbourne hasn't raised them. If Your Honors have any other concerns about any of the issues, I'm happy to address them. We do not. Thank you, Ms. Bray. Thank you. Appreciate your time. Your Honors, I'm not being intentionally imprecise, but I think it's really critical to understand that these two issues of the authority and the determination of competency are deeply intertwined. And I believe that Ms. Bray, when she talks about that this is a clear issue in the rules, I encourage you to look at the local rule and look at it in the context of the three-part determination. There's no question under the local rule that the magistrate judge makes the initial determination of whether or not to send the defendant off for an examination. Is the Ninth Circuit case of Barrow, is that of any value to us? From my recollection of that case, it has some value, but I don't think it decides the question, Your Honor. And I agree with Ms. Bray. I looked for this case and was amazed that it didn't exist, that this issue had not been brought. It appears that Iowa and Hawaii may also have the magistrate judge with a critical involvement, but it appears this may not be the general practice of having the magistrate judge make these determinations. So then if this is plain error review, the error was not plain? I hate to give you that, Judge Singh. I understand where you're coming from. There's no case that says this was wrong? I don't believe that it should be reviewed under plain error because I believe it should be a de novo review because I believe that you have a misapprehension of the law. And, you know, it's not the person. You know, Judge Kessler is an excellent magistrate judge. Judge Conrad is an excellent district court judge. It's the authority inherent in a lifetime appointed Article III judge. You were about to talk about the local rules. You said that somehow the local rules. Sure. If you look at the particular local rule that's involved in this particular matter, it says, and this is local rule, criminal rule 59.1A8, it says that basically a magistrate judge could hear motions and entering orders for examination to determine mental competency. When you look at that particular rule in the context of the three-part, three-level Wisenberg examination of competency, we don't dispute the fact that the initial determination to do a competency examination probably rests with the magistrate judge. But that second level is what we're arguing about. But the local rule doesn't suggest a second level? The local rule does not suggest the magistrate judge has power for a second level. If you look at it, it depends on how you read this local rule. You're just saying all it says is a magistrate judge could hear the competency issue and doesn't take the next step and say and determine competency? For examination, determine mental competency. Okay. So it does say. For examination. And we would argue that's the first step. Now, certainly the government, if she had more time, would come up here and give you the other reading. But I think that that raises the issue that there is at least some lack of clarity with regard to the authority even granted by the local rules. And there's certainly a lack of authority under 4241. I'm not sure I understand the lack of clarity. Well, it talks about for examination to determine, not to determine. So we're arguing that the magistrate judge has the power. For examination to determine. Level one in the Weisberger test, but not level two. So what we're arguing is that it certainly could be read a different way. And I'm the first to admit that, Judge Thacker. But I don't think it's clear. And I think 4241 is not clear. And I think in this particular case, what you have is you have an issue that is not easily and perhaps cannot even be waived by a defendant based upon the prior case law. So is it your argument that the local rules circumscribe what would otherwise be the authority of a magistrate to decide this issue? No, I think the local rules grant the magistrate the authority to decide the issue in this particular case. But that's not inconsistent with the normal rules, with the rules that Congress has created and that the rules of criminal procedure outline, right? I believe what we're saying is that it is inconsistent. That competency is so much greater than the powers normally given to a magistrate judge. It is like a magistrate judge holding a felony trial. Even if you waive that, that would be something that the power of the magistrate would not allow, the magistrate judge. And we think that this is similar to that. This is not a finding on suppression. This is not a finding on whether or not to compel. There's something so important about the due process requirement of a competency hearing that it raises to a level that takes it outside the ordinary magistrate judge's authority. And as we argue, we believe de novo this court should go back and say, no, this is not within the magistrate judge's authority, enter a unilateral order. And that order has to be endorsed by a district court judge. And we argue that the competency issue taints everything else. We didn't argue about everything else because we believe that even the issue of possession was made less clear because of what we argue, the incompetency of the defendant in this particular case. In sum, Your Honor, we believe that no other court has heard this particular issue as far as we can tell. But it's a very important issue and it's a very important question of the constitutional authority of an Article III judge and the constitutional authority given to Congress through a magistrate judge. And we believe that this court, if you get close to that edge, should decide that this is within the district court's power, should send the defendant back for that competency hearing. And we would hope for a new trial. Thank you, Your Honor. Thank you, Mr. Kilbourn. As you indicated when you first got up there, I noticed that you were court appointed. I want to thank you for taking on this appeal. It's part of the critical work that you and other attorneys take on to help us do our important work. So thank you very much for your representation here this morning. I want to thank both parties for their very effective and informative arguments. We'll come down and greet you both and move on to our second case.
judges: Albert Diaz, James Andrew Wynn, Stephanie D. Thacker